UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICIA MCILVAINE, also known as P.J. MCILVAINE, an individual, and DOES 1-10,<br><br>Defendants. | Case No. CV10-5358<br><br>**MEMORANDUM IN SUPPORT OF NOTICE OF MOTION FOR LEAVE TO TAKE DISCOVERY PRIOR TO RULE 26(f) CONFERENCE** |

I.  **INTRODUCTION**

Plaintiff, a major producer and distributor of motion pictures, brought this action to stop Defendants from trafficking in stolen manuscripts ("scripts") for certain movies and television shows. Plaintiff is the exclusive owner of these scripts under U.S. copyright law. Of most significant concern to this action is the unauthorized and unlawful distribution of scripts for movies and television shows that are in development, long before the intended distribution of the finished motion pictures. One such work is *Deadpool*, a movie still in development that is part of the popular X-Men franchise. Because of Defendants' actions, members of the public can download and review a draft script that was never intended for public consumption, prejudging a creative work that may require months or years of work before serving as the basis for any potential motion picture release.

The harm wrought by Defendants is incalculable, since their conduct may hurt or extinguish the commercial prospects of creative works that have not even been finished,

let alone distributed to the public. Therefore, Plaintiff petitions this Court for expedited discovery that would allow Plaintiff to add the proper additional parties to this action and to prevent the infliction of further harm that Plaintiff may not be able to repair.

Aside from Defendant Patricia McIlvaine, an individual residing in New York, Plaintiff sued Defendants as Does because these Defendants violated copyright law under the guise of "screen names" or "user names," not their true names. Plaintiff thus seeks leave of the Court to serve discovery, prior to a Rule 26(f) conference, on non-party internet sites, e-mail service providers, and internet service providers ("ISPs"), which, upon information and belief, Defendants have used in the course of illegally distributing and displaying Plaintiff's copyrighted scripts. The only way Plaintiff can determine the Doe Defendants' true identities and unlawful activities is from certain information that these Defendants provided to the third-party internet sites as a condition or consequence of using these sites. Plaintiff believes that this information is readily available to these sites from data and documents they keep in the regular course of business.

In this respect, this action is similar to suits in which a movie studio or record company has sought to stop the illegal sharing and downloading of movies or music. In these cases, as shown hereafter, courts regularly grant expedited discovery to allow plaintiffs to identify individuals who were violating the copyright laws under the guise of fictitious names. Plaintiff respectfully requests that this Court follow well-established precedent and grant Plaintiff leave to take expedited discovery.

## II. FACTUAL BACKGROUND

As alleged in the complaint, Defendants are persons who have obtained unauthorized copies of motion picture and television scripts. Defendants have unlawfully distributed these scripts, and unlawfully uploaded them to and displayed them on Internet sites. *See* Complaint, attached as Exhibit 1.

Defendants use fictitious "screen names" or "user names" in the course of displaying and distributing Plaintiff-owned works. Investigators working for Plaintiff managed to identify Patricia McIlvaine, a Suffolk County, New York resident who is thus far the only named Defendant in this action. Declaration of Alexander S. Moreno at 2-3 ("Moreno Declaration"). Plaintiff has identified several other Defendants by a unique "screen name" or "user name," which they used in the course of communicating with each other on the web site Done Deal Professional (located at www.donedealpro.com) and other web sites used to trade information related to the infringement of scripts (together, the Script Web Sites). Moreno Declaration at 2-3.

Plaintiff now seeks leave of the Court to serve limited discovery on the Script Web Sites, as well as the e-mail service providers and ISPs providing services for the Doe Defendants, prior to the Rule 26(f) conference, in order to identify Doe defendants. The discovery sought would be identifying information that each Defendant provided to these third parties, including e-mail address, IP address, name, residential address and billing information, and information about the Defendants' use of the site(s) in connection with the infringement of scripts. Plaintiff will use this information to prosecute this action. Without this information, Plaintiff would be limited in its ability to protect its scripts from ongoing and repeated infringement. All of this information is

3

properly obtainable in discovery. Plaintiff is only asking that it not have to wait perhaps months to start this discovery process, so that it may obtain this information in time to protect its copyrighted material.

### III. ARGUMENT

Courts routinely allow expedited discovery to identify "Doe" defendants. *See, e.g., Directory Assistants, Inc. v. Doe*, 3:10-CV-548, 2010 U.S. Dist. LEXIS 41881 (D. Conn. Apr. 28, 2010); *Arista Records, LLC v. Does 1-4*, 589 F. Supp. 2d 151, 152-53 (D. Conn. 2008).

District courts within the Second Circuit apply two different and competing tests in determining whether to grant expedited discovery. Plaintiff can satisfy both of them.

The first test asks whether a plaintiff has established "good cause" for expedited discovery. *Arista Records*, 589 F. Supp. 2d at 152-53; *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 327 (S.D.N.Y. 2005). For instance, the court in *Directory Assistants* found good cause to exist where the plaintiff tried and failed to identify a Doe defendant; where the case could not progress without discovery of the defendant's true identity; and where the plaintiff's request was "reasonable and limited in scope, seeking only basic identifying information." *Directory Assistants*, 2010 U.S. Dist. LEXIS 41881, at *1-3. *See also Arista Records*, 589 F. Supp. 2d at 153 (good cause to discover identities of Doe defendants found where the plaintiffs were seeking "limited, personally identifying information" that was "essential to their prosecution of this litigation").

Good cause exists here because Plaintiff has thus far been unable to ascertain certain of the Doe Defendants' true names and identities after utilizing public information resources. Moreno Declaration at 3. Identifying the Doe Defendants who are displaying and distributing its scripts (particularly those for unreleased works) is the first and

necessary step that Plaintiff must take to stop the infringement of its valuable copyrights. This lawsuit cannot proceed against these Defendants without the limited discovery Plaintiff seeks. Finally, Plaintiff's information request is reasonable in scope, in that it only seeks basic identifying information to which the third parties should have easy access. If this information is erased, Plaintiff will lack the ability to identify the Defendants, and thus will be unable to pursue its lawsuit to protect copyrighted works. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

Some district courts in the Second Circuit alternatively apply an older test from *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which asks whether a plaintiff has established (1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) an indication that, absent expedited discovery, the resulting harm would be greater than the injury that defendants will suffer if expedited discovery is granted. Some courts have recently rejected the *Notaro* standard for being too strict, because it requires a showing akin to what must be shown to win a preliminary injunction. *Directory Assistants*, 2010 U.S. Dist. LEXIS 41881, at 2-3 n. 1; *Stern*, 246 F.R.D. at 457; *Ayyash*, 233 F.R.D. at 326-27. In any event, Plaintiff can satisfy this arguably higher standard.

Irreparable harm exists because the Doe Defendants, under the guise of fictitious names, are causing Plaintiff incalculable harm through, *inter alia*, the dissemination of copyrighted scripts for movies and television shows that have yet to be released. Plaintiff knows of no way to calculate the damage caused by premature public exposure to unfinished creative works. Thus, the disclosure of each such script causes incalculable harm to Fox, which invests millions of dollars in the creation, distribution and marketing of each work. Finally, a claim for copyright infringement presumes irreparable harm to

5

the copyright owner where a *prima facie* case of infringement exists. See 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 14.06[A], at 14-03 (2003); *Cent. Point Software v. Global Software & Accessories*, 859 F. Supp. 640, 644 (E.D.N.Y. 1994).

Plaintiff can also show a probability of success on the merits, as it has made out a *prima facie* case for both copyright infringement and contributory copyright infringement. Specifically, Plaintiff has alleged that: (a) it owns and has registered the copyrights in the works at issue; (b) Defendant McIlvaine and the Doe Defendants copied, displayed and/or distributed those copyrighted works without Plaintiff's authorization; and (c) the Doe Defendants contributed to Defendant McIlvaine's copyright violations. *See* Complaint. These allegations thus state claims for copyright infringement and contributory copyright infringement. *See, e.g., Pearson Educ., Inc. v. Vergara*, 09 Civ. 6832, 2010 U.S. Dist. LEXIS 101597, at *3 (S.D.N.Y. Sept. 27, 2010) (setting out elements of copyright infringement); *R&R Recreation Prods., Inc. v. Joan Cook, Inc.*, 91 Civ. 2589, 1992 U.S. Dist. LEXIS 5176, at *5-7 (S.D.N.Y. Apr. 14, 1992) (discussing elements of contributory copyright infringement).

Third, a strong connection exists between the information sought and the avoidance of irreparable injury. Doe Defendants pose a continuing threat of irreparable harm, because they can post scripts to which they already have access, and may yet obtain access to more scripts. Plaintiff is seeking information that is necessary to bring an action against the Doe Defendants, a necessary predicate to stopping them from engaging in future illegal conduct. Plaintiff has sufficiently identified the Doe Defendants through the unique "screen name" or "user name" that each Doe assumed as they engaged in communications relating to the unauthorized distribution or display of scripts. Further, each Defendant transmitted to the Script Web Sites a unique IP address, which the Defendant could only obtain by providing identifying information – including name and address – to an ISP. Thus, with the information sought, Plaintiff can identify

and sue Defendants in federal court, and thus try to bring a stop to the illegal dissemination and display of Plaintiff's copyrighted property.

Finally, Defendants will not suffer any harm as a result of the disclosure. Defendants have no legitimate expectation of privacy in the subscriber information they voluntarily provided and/or conveyed to third-party internet sites, much less in displaying and distributing copyrighted works without permission. *See, e.g., Freedman v. Am. Online, Inc.*, 412 F. Supp. 2d 174, 181 (D. Conn. 2005); *Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 566 (S.D.N.Y. 2004). However, as mentioned, if Plaintiff is unable to obtain the limited information it seeks, it will be unable to prosecute this action and, thus, stop Defendants from inflicting harm through the display and distribution of copyrighted scripts.

For these reasons, Plaintiff can satisfy all four *Notaro* factors and, therefore, has established that it is entitled to expedited discovery, regardless of which test this Court chooses to employ.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff asks that the Court grant Leave to Take Discovery Prior to the Rule 26(f) Conference.

Dated: December 17, 2010  
New York, New York

LOEB & LOEB LLP  
Attorneys for Plaintiff

By: _____  
Jonathan Zavin (JZ-1846)  
Loeb & Loeb LLP  
345 Park Avenue  
New York, New York 10154-0037  
Phone: (212) 407-4000  
Fax:    (212) 407-4990

7