Original

Patricia Mcilvaine
12 George Hill Road
Mount Sinai, New York, 11766
PATRICIA MCILVAINE, In Pro Se

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 14 2011 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TWENTIETH CENTURY FOX FILM CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICIA MCILVAINE,<br><br>    Defendant. | CASE No. CV10-05358 LDW (AKT)<br><br>[Honorable Leonard D. Wexler]<br><br>**DEFENDANT PATRICIA MCILVAINE's ANSWER**<br><br>DEMAND FOR JURY TRIAL<br><br>Trial Date:   None Set. |

RECEIVED
FEB 14 2011
EDNY PRO SE OFFICE

Defendant PATRICIA MCILVAINE hereby responds to the complaint as follows:

1. Defendant admits that this is a civil action seeking damages and injunctive relief for copyright infringement.

2. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Defendant admits that this Court has personal jurisdiction over the Defendant, that venue is proper in this District, and that Defendant resides in this District. Defendant denies the remaining allegations of paragraph 3 of the Complaint.

4. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 4 of the Complaint and on that basis denies the allegations therein.

5. Defendant admits the allegations contained in paragraph 5.

6. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 6 of the Complaint and on that basis denies the allegations therein.

7. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 7 of the Complaint and on that basis denies the allegations therein.

8. Defendant denies the allegations in paragraph 8 that she "uploaded and made available" scripts for which Fox is the copyright holder. Defendant lacks sufficient knowledge to admit or deny the other allegations of paragraph 8 of the Complaint and

on that basis denies the allegations therein.

9. Defendant denies the allegations in paragraph 9 that she illegally uploaded the *Deadpool scripot*. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 9 of the Complaint and on that basis denies the allegations therein.

10. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 10 of the Complaint and on that basis denies the allegations therein.

11. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 11 of the Complaint and on that basis denies the allegations therein.

12. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 12 of the Complaint and on that basis denies the allegations therein.

13. Defendant incorporates herein by reference the responses in paragraphs 1-12 above in response to paragraph 13 of the Complaint.

14. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 14 of the Complaint and on that basis denies the allegations therein.

15. Defendant denies the allegations in paragraph 15 of the Complaint.

16. Defendant denies the allegations in paragraph 16 of the Complaint.

17. Defendant incorporates herein by reference the

responses in paragraphs 1-12 above in response to paragraph 17 of the Complaint.

18. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 18 of the Complaint and on that basis denies the allegations therein.

19. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 19 of the Complaint and on that basis denies the allegations therein.

20. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 20 of the Complaint and on that basis denies the allegations therein.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following Affirmative Defenses in this case:

### FIRST AFFIRMATIVE DEFENSE

1. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff failed to join indispensable parties.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims for monetary damages, fees, costs and injunctive relief are barred by the safe harbors set forth in 17 U.S.C. § 512.

**FIFTH AFFIRMATIVE DEFENSE**

5.   Plaintiff's claims are barred by license, consent, acquiescence, waiver, laches and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6.   Plaintiff's claims are barred by the doctrine of copyright misuse.

**SEVENTH AFFIRMATIVE DEFENSE**

7.   Plaintiff's claims are barred by the Fourth Amendment to the United States Constitution.

**EIGHTH AFFIRMATIVE DEFENSE**

8.   Plaintiff's claims are barred by the doctrine of fair use.

**NINTH AFFIRMATIVE DEFENSE**

9.   Plaintiff's claims are barred by the First Amendment to the United States Constitution.

**TENTH AFFIRMATIVE DEFENSE**

10.   Plaintiff's claims for statutory damages are barred by the U.S. Constitution.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.   Plaintiff's claims are barred for lack of subject matter jurisdiction to the extent Plaintiffs lack valid registrations of copyrights alleged in the complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

12.   Plaintiff's claims are barred to the extent they have caused fraud upon the Copyright Office.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff's claims are barred by the first sale doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiff's claims are barred by their failure to mitigate damages.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff's claims are barred to the extent they have forfeited or abandoned copyright.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiff's claims are barred to the extent they claim copyright in works that are immoral, illegal, or libelous.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiff's claims are barred because of deceptive and misleading advertising in connection with distribution of the copyrighted works.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred by the constitutional right to privacy.

**NINTEENTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred by the due process clause of the Fifth Amendment of the U.S. Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiff's claims are barred because they are asserted in violation of Article I, Section 8, Clause 8 of the U.S.

Constitution, Article III of the U.S. Constitution, and the doctrine of separation of powers.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred to the extent they lack standing to assert claims for each claimed copyright.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's claims are barred by their failure to state a cause of action.

WHEREFORE, the Defendant asks this Court for judgment as follows:

A. That Plaintiff takes nothing by its Complaint;

B. That the Defendant be awarded her costs and attorneys fees with respect to this action; and

C. For other relief as this Court determines to be just and equitable.

Dated: February 10, 2011          PATRICIA MCILVAINE

By: *(signature)* Patricia McIlvaine
PATRICIA MCILVAINE
In Pro Se

**PROOF OF SERVICE**

STATE OF NEW YORK, COUNTY OF SUFFOLK

I, Patricia Mcilvaine, am employed in the aforesaid County, State of New York; I am over the age of 18 years and not a party to the within action; my business address is: 12 George Hill Road, Mount Sinai, New York, 11766

On February 11, 2011, I served the following documents: **ANSWER** in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Jonathan Zavin, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154

__X__    BY MAIL

    __X__    I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.

    _____    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Mount Sinai, New York in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___    BY PDF file via email to _____.

____    (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the attorney representing Plaintiffs at the address listed above.

__X__    (FEDERAL) I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 11, 2011 at Mount Sinai, New York.

_____
Declarant

1
ANSWER