| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

| | | | |
|---|---|---|---|
| BEFORE: | A. KATHLEEN TOMLINSON | DATE: | 3/28/11 |
| | U.S. MAGISTRATE JUDGE | TIME: | 3:00 P M |

**Twentieth Centry Fox Film Corp. -v- McIlvanie, et al., CV-10-5358 (LDW)(AKT)**

TYPE OF CONFERENCE:     **INITIAL CONFERENCE**

APPEARANCES:   Plaintiff    Jonathan Zavin

　　　　　　　　Defendant   Raymond White

SCHEDULING:

　　　　The discovery status conference will be held by telephone on September 7, 2011 at 10 a.m. Plaintiff's counsel is requested to initiate the call to Chambers at 631-712-5760.

THE FOLLOWING RULINGS WERE MADE:

1.　　Counsel for the parties in this copyright infringement action met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order will be entered separately. Initial disclosures pursuant to Rule 26(a) have been served by the plaintiff. Defendants are directed to serve their Initial Disclosures by the close of business tomorrow.

　　　　I drew counsels' attention to the fact that this case is assigned to Judge Wexler who has a nine-month rule regarding the trial-ready status of any case assigned to him. Consequently, the dates set forth in the accompanying Case Management and Scheduling Order cannot be adjourned or extended.

2.　　If the parties believe there is any need for a Stipulation and Order of Confidentiality, they are directed to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record.

3.　　I am giving the parties until May 2, 2011 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file a letter on ECF <u>no later than May 2</u> advising me of what agreement/ procedure has been put in place. In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

4.　　The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is June 16, 2011. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file his opening motion papers and memorandum of law by June 16, 2011. The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date. Motions to amend are returnable before me. Based on the representations of plaintiff's counsel today, plaintiff's rights with regard to amending the pleading for purposes of replacing the "John Doe" defendants is preserved if the actual names of these defendants are not known through reasonable diligence by June 16.

5. Plaintiff may retain an expert in this action. Any party who intends to utilize an expert for its case-in-chief must serve the expert report(s) and all disclosures required under Rule 26 no later than October 12, 2011. The deadline for rebuttal expert reports and disclosures is November 21, 2011. Expert depositions must be completed by December 15, 2011.

6. If either party intends to move for summary judgment, counsel are directed to Judge Wexler's Individual Practice Rules with regard to the preliminary requirement of filing a letter request for a pre-motion conference. The deadline for filing the letter request for a pre-motion conference is December 5, 2011.

8. If mediation through the EDNY court-annexed mediation program or a settlement conference before the Court is desired as discovery progresses, the parties should call my Chambers to make arrangements for either option.

9. As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the September 7, 2011 status conference, the parties are directed to file a discovery status report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an end-date by which those depositions will be completed. Once these four items have been addressed, the parties are to confirm whether discovery is proceeding on schedule. If all discovery to that date has been completed in compliance with the Case Management and Scheduling Order, and if there are no pending disputes requiring court intervention, the parties may alternatively request an adjournment of the discovery status conference. If warranted, I will cancel or adjourn the conference.

10. Also as set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **no less than two business days before the pretrial conference**, the attorney for each party must submit by mail or fax (not by ECF) a one to two-page, *ex parte* statement of his/her client's settlement position.

11. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes. If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible. Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so. Failure to comply with the certification requirement will result in the motion being returned to the moving party. Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*not* merely an exchange of e-mails or letters).

12. Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court. Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline. The parties are directed to my Individual Practice Rules for further information.

    SO ORDERED

    /s/ A. Kathleen Tomlinson
    A. KATHLEEN TOMLINSON
    U.S. Magistrate Judge